IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Kay Yvonne SPANG,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*
(TC-MD 982156C)

Kay Yvonne Spang, Plaintiff, argued the cause *pro se*.

David Zeh, Auditor, Department of Revenue, argued the cause for Defendant (the department).

Decision for Defendant rendered November 4, 1999.

**DAN ROBINSON, Magistrate.**

Plaintiff appeals from a Notice of Refund Adjustment issued by Defendant Oregon Department of Revenue (the department) dated March 6, 1998. Plaintiff represented herself at trial. The department's representative was David Zeh, an Auditor with the department. The issue is whether Plaintiff resided within "federally recognized Indian country in Oregon" in 1997 and therefore qualifies for the state income tax exemption provided under ORS 316.777.[1]

## STATEMENT OF FACTS

Plaintiff is an enrolled member of the Siletz Indian Tribe working for the tribe in its Tribal Administration Building in the town of Siletz, Oregon, as the Indian Child Welfare Director. Plaintiff lives in the town of Newport, which is in Lincoln County. Lincoln County is a federally designated service area for the Siletz Indian Tribe. The tribe has land set aside for member housing in Lincoln County, but none in the town of Newport. The land set aside was purchased by the tribe and transferred to the U.S. Secretary of the Interior to be held in trust for tribal members for residential purposes.

The Siletz Indian Tribe had its reservation terminated in 1955 and restored in 1977. The Tribe currently owns 3,987 acres of land in Oregon designated as reservation land. That land is used for the growing and harvesting of timber and no tribal members live on the formal reservation. Plaintiff travels throughout 11 counties in Oregon and elsewhere within and outside of Oregon discharging her duties as Director of Indian Child Welfare Services.

## ANALYSIS

■ Oregon law exempts the income of certain qualifying American Indians from state income tax. The specific statutory grant provides as follows:

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1997.

"(1) Any income derived from sources within the boundaries of federally recognized Indian country in Oregon by any enrolled member of a federally recognized American Indian tribe residing in federally recognized Indian country in Oregon at the time the income is earned is exempt from tax under this chapter."

ORS 316.777.

■    Thus, the statute establishes a three-part test for the entitlement to state income tax exemption: (1) a taxpayer must be an enrolled member of a federally recognized American Indian tribe; (2) a taxpayer's income must be derived from sources within the boundaries of federally recognized Indian country in Oregon; and (3) a taxpayer must reside in federally recognized Indian country.

The primary dispute here is whether Plaintiff resides within federally recognized Indian country, although the department also asserts Plaintiff's income is not derived from sources within the boundaries of federally recognized Indian country. The court need only reach the second issue if Plaintiff prevails on the first, since all three requirements of the statute must be satisfied in order to fall within the statutory exemption from state income taxes.

■    Under federal law, the term "Indian country" is comprised of three separate categories: (1) reservation land; (2) dependant Indian communities; and (3) Indian allotments.[2] Oregon defines the term Indian country by administrative rule as "any federally recognized Indian reservation or other land that has been set aside for the residence of tribal Indians under federal protection." OAR 150-316.777(2).

■    Plaintiff contends that the health services district in which she resides constitutes Indian country. Plaintiff

---

[2] The term "Indian country" is defined in 18 USC section 1151 (1994) as:

"(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including right-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments * * *."

argues that many members of her tribe, herself included, do not live on a reservation and that under Public Law 95-195, it is up to Congress, and not the State of Oregon, to define Indian country. Since the income tax exemption is granted by state law, Oregon does have authority to define the terms. Moreover, the court notes that Congress has defined Indian country in 18 USC section 1151 (1994), as set out in footnote two, and the outcome of Plaintiff's appeal will be guided by federal as well as state law.

Since Plaintiff acknowledges that she does not live on a reservation or on an Indian "allotment,"[3] Plaintiff must establish that she lives within a "dependent Indian community," as provided in subsection (b) of 18 USC section 1151, to fall within the federal definition of Indian country. Plaintiff clearly does not live on land set aside for the residence of tribal Indians under federal protection, as required by the state's administrative rule (OAR 150-316.777(2)), as set out above. Thus, the specific question to be answered is whether the health service district in which Plaintiff resides is a dependent Indian community.

The applicable statute, 18 USC section 1151, defining Indian country was passed by Congress in 1948. The first United States Supreme Court case to interpret the term "dependant Indian community," as found in 18 USC section 1151(b), was *Alaska v. Native Village of Venetie Tribal Government et al.*, 522 US 520, 118 S Ct 948, 140 L Ed 2d 30 (1998). In that decision, the court held that the term "dependant Indian communities" refers:

> "* * * to a limited category of Indian lands that are neither reservations nor allotments, and that satisfy two requirements — first, they must have been set aside by the Federal Government for the use of the Indians as Indian land; second, they must be under federal superintendence. Our holding is based on our conclusion that in enacting §

---

[3] An allotment is a "parcel[ ] of land created out of a diminished Indian reservation and held in trust * * * for the benefit of individual Indians * * *." *Alaska J. Native Village of Venetie Tribal Government et al.*, 522 US 520, 529, 118 S Ct 948, 140 L Ed 2d 30 (1998). Plaintiff does not contend that she lives on an allotment. The service district in which Plaintiff resides is not an allotment because it is not a specific parcel held in trust for the benefit of a particular Indian or group of Indians.

1151, Congress codified these two requirements, which previously we had held necessary for a finding of 'Indian country' generally."

*Venetie*, 522 US at 527.

The Court was clear in *Venetie* that there must be both a "federal set-aside" and a "federal superintendence" for a finding of dependent Indian community. *Id.*

A Health Service Delivery Area does not meet either requirement. It is defined in 42 CFR section 36.10 (1999) as "a geographic area designated pursuant to § 36.15 * * *." The Indian Health Service designates geographic areas, including Indian reservations and areas surrounding reservations, as Health Service Delivery Areas. 42 CFR § 36.15(a) (1999). The purpose of the Health Services Delivery Areas is to provide certain enumerated health services to qualified American Indians and natives of Alaska. *See, e.g.,* 42 CFR § 36.1, 36.11, and 36.12 (1999). Subsection (c) of 42 CFR section 36.15 states that "the Indian Health Service may designate States, subdivisions of States such as counties or towns, or other identifiable geographic areas * * * as Health Service Delivery Areas where reservations are nonexistent, or so small and scattered and the eligible Indian population so widely dispersed that it is inappropriate to use reservations as the basis for defining the Health Service Delivery Area." According to the testimony, 11 counties in Oregon are designated Health Service Delivery Areas. Lincoln County, where Plaintiff resides, is one of the 11 counties so designated. Those areas, encompassing a good portion of the western half of the state of Oregon, are not "set aside by the Federal Government for the use of the Indians as Indian land" or "under federal superintendence," as required by the Court's decision in *Venetie*, 522 US at 527. The service areas are established by the federal government to enable that body to provide certain health benefits to members in need.

Plaintiff is correct that federal court decisions establish that the term "Indian country" is to be broadly construed. However, the entire 11 county service areas of the Siletz Indian Tribe cannot, under the broadest interpretation, be considered a dependent Indian community.

Plaintiff believes Lincoln County is unique within the 11 county service area by virtue of Public Law 95-195, which specifies that land within only Lincoln County can be set aside and held in trust for the benefit of tribal members. Public Law 95-195 does in fact specify that land in only Lincoln County may be set aside and held in trust for the Siletz Indians, but the land so held is for the establishment of a reservation.[4] The tribe has established a reservation in Lincoln County, but Plaintiff does not live on the reservation. In fact, none of the Siletz Indians reside on the tribe's reservation. A few members live in tribal housing, but not in the city of Newport, where Plaintiff lives. That housing does appear to qualify as Indian country, although the facts are not before the court and thus the court is not so holding in this case.

Finally, Plaintiff testified that she is subject to Tribal Court jurisdiction throughout the entire service area while working as Director of Indian Child Welfare Services and she contends that this fact places her within the parameters of the statute. Plaintiff is incorrect in that assertion. The service area is not Indian country, because it is not a dependent Indian community, as explained above, nor is it a reservation or an allotment. The added fact of Tribal Court jurisdiction adds nothing to the argument.

## CONCLUSION

The court concludes Plaintiff did not reside within federally recognized Indian country in Oregon in 1997. The

---

[4] Section (7) provides:

"(a) Any reservation for the tribe shall be established by an Act of Congress * * *.

"(b) Inasmuch as the reservation of the [Siletz Indian] tribe has been terminated, the Secretary [of the Interior] shall negotiate with the tribe * * * concerning the establishment of a reservation * * *.

"* * * * *

"(d) Any plan developed under this section for the establishment of a reservation for the [Siletz Indian] tribe shall provide that - -

"* * * * *

"(3) the Secretary [of the Interior] shall not accept any real property in trust for the benefit of the tribe or its members unless such real property is located within Lincoln County, State of Oregon[.]"

Pub L 95-195, § 1560, 91 Stat 1415 (1977).

health service district is not a dependent Indian community, and Plaintiff does not live on a reservation or Indian allotment. Accordingly, Plaintiff is not entitled to state income tax exemption under ORS 316.777.

IT IS THE DECISION OF THE COURT that Plaintiff is responsible for state income taxes for tax year 1997 because she does not reside in Indian country.